IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERBERT L. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | 4:13CV3164 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN GAGE, et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I.  INITIAL REVIEW

This matter is before the court on initial review of Petitioner Herbert Campbell's ("Campbell" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1). The Court will dismiss Campbell's Petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798.

        This Court's records reflect that Campbell's Petition is successive. He challenges his March 21, 2002, conviction for robbery, kidnapping, and use of a weapon to commit a felony

(Filing No. 1 at CM/ECF pp. 1-2).  Petitioner unsuccessfully
challenged this same conviction in earlier federal habeas corpus
litigation.  (*See Campbell v. Houston, et al.*, Case No.
4:05CV3081 (D. Neb.), Filing No. 20, dismissing petition for writ
of habeas corpus with prejudice on November 2, 2005).)

        The pending Petition is a second or successive petition
under the statute because it challenges the same conviction and
sentence already challenged in this Court.  The record does not
reflect that Petitioner has received permission from the Eighth
Circuit Court of Appeals to again attack this conviction.  If
Petitioner wishes to continue to pursue this matter, he should
file a motion with the Eighth Circuit Court of Appeals fully
addressing the legal requirements for successive habeas petitions
set forth in 28 U.S.C. § 2244(b).

## II.  CERTIFICATE OF APPEALABILITY

        A petitioner cannot appeal an adverse ruling of his
petition for writ of habeas corpus under § 2254 unless he is
granted a certificate of appealability.  28 U.S.C. § 2253(c)(1);
Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot
be granted unless the petitioner "has made a substantial showing
of the denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2).  To make such a showing, "[t]he petitioner must
demonstrate that reasonable jurists would find the district

-3-

court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Campbell has failed to make a substantial showing of the denial of a constitutional right.  The Court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the Court will not issue a certificate of appealability in this case.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 24th day of September, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____
\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

-4-